The Honorable Johnny Key State Senator Post Office Box 350 Mountain Home, Arkansas 72201
Dear Senator Key:
You have requested my opinion concerning an interlocal agreement entered between Baxter County, Marion County, and the City of Mountain Home. The background information supplied with your request indicates that the agreement, called the "Interlocal Alliance Agreement" (hereinafter "Alliance Agreement" or "Agreement"), was entered for the purpose of purchasing the Nabors Landfill and Hauling Operation.[1] Your questions involve the composition of the "Alliance Board" that was reportedly created by the Alliance Agreement.
You state that the Agreement provides for a seven-member board, with the seventh member selected at-large by the original six members. You further state that according to the Agreement, "the agreement may be amended from time to time by the board if ratified by the Baxter County Quorum Court, the Marion County Quorum Court and the Mountain Home City Council." You report that on February 1, 2011, the Baxter County Quorum Court rejected a proposal that was adopted by the Marion County Quorum Court and the Mountain Home City Council to increase the Alliance Board by adding another at-large member. You state that "[o]n February 15, 2011, the Alliance Board voted in two new members at-large, instead of the one agreed to in the Alliance Agreement." *Page 2 
Against this backdrop, you ask:
 1. Is ratification by each of the named bodies (Baxter County Quorum Court, Marion County Quorum Court, Mountain Home City Council) in Ordinance No. 2010-43[2] required to amend the Alliance Board?
 2. If the Alliance Board failed to get the approval of each of the named bodies and amended itself without such approval, would the board so assembled have legal status to act as the Alliance Board?
RESPONSE
It appears that the answers to these questions must be determined upon the basis of an interpretation of the Alliance Agreement, and any other relevant agreements that may have been entered between the parties.[3] I cannot undertake such an interpretation in the limited context of an official Attorney General Opinion.[4] The review of particular agreements that are contractual in nature is outside the ordinary scope of an Attorney General opinion because such review often involves factual questions, such as intent. This office is not equipped or empowered by law to investigate and evaluate such questions. By statute, my advisory function is *Page 3 
limited to counseling various public servants and entities on the construction and application of Arkansas constitutional and statutory law.[5]
I must therefore suggest that your questions are best addressed by local counsel for the parties to the Agreement. I regret that I cannot be of further help in this matter. Please feel free to contact me if I can be of assistance in some other respect.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I do not have a copy of the Agreement, but you report that it was adopted by Baxter County pursuant to ordinance on March 2, 2010. I assume that Marion County and the City of Mountain Home passed similar measures adopting the Agreement.
[2] Ordinance No. 2010-43 is a Baxter County ordinance entitled "An Ordinance Authorizing the County Judge to make Application to Form a Sanitation Authority to be known as the North Arkansas Board of Regional Sanitation." You have provided a copy of this ordinance, which reflects its adoption by the Baxter County Quorum Court on August 3, 2010. You have also provided an unexecuted copy of a document entitled "Application to Form Sanitation Authority." I do not know the status of this Application, and I am uncertain of its relevance to your questions.
[3] I will note with regard to a "sanitation authority" formed pursuant to the Joint County and Municipal Solid Waste Disposal Act, A.C.A. § 14-233-101 et seq., that this body of law is clear in providing that the "number . . . of directors . . . shall not thereafter be changed except by unanimous consent of the members of the authority as evidenced by ordinances or resolutions of their governing bodies." A.C.A. § 14-233-108(b)(1) (Supp. 2009). I mention this provision because of your reference to Baxter County Ordinance No. 2010-43 which, as noted above, authorized the County Judge to apply for the formation of a sanitation authority.See n. 2, supra. Again, however, I have no information regarding the status of that application or its relevance to your questions.
[4] Compare Op. Att'y Gen. 97-095 (declining to construe the provisions of an interlocal agreement for a solid waste management system.)
[5] A.C.A. § 25-16-706 (Repl. 2002).